NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MOHAMED M. ELALEM, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CHICKASAW NATION INDUSTRIES, et al., : <br> : <br> Defendants. : <br> : | Civil Action No. 19-4891 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before the Court on Plaintiff's motion for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), which has been opposed by Defendants, and also upon Defendants' cross-motion for dismissal of the entire action. The Court has considered the parties' written submissions, including Defendants' sur-replies. It opts to rule on the motions without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Plaintiff's motion will be granted in part and denied in part, and Defendants' cross-motions to dismiss will be denied.

**I.    BACKGROUND**

This premises liability action, initiated by now-deceased Plaintiff Mohamed Elalem ("Plaintiff" or "Elalem"), arises out of a slip-and-fall incident at the Picatinny Arsenal in Morris County, New Jersey, where Elalem was employed by the United States Army Research,

1

Development & Engineering Command. Elalem filed this lawsuit in New Jersey Superior Court on or about January 14, 2019, alleging that on January 20, 2017 he fell on a staircase while exiting the building where he worked and that he sustained personal injuries as a result. The original Complaint named only Chickasaw Nation Industries, Inc. and CNI Advantage as Defendants.[1] (These Defendants will hereinafter be referred to collectively as the "Chickasaw Defendants.") On February 6, 2019, the Chickasaw Defendants removed the action to federal court, asserting that the Court has subject matter jurisdiction based on diversity, pursuant to 28 U.S.C. § 1332. Thereafter, Plaintiff sought and obtained leave of Court to join additional Defendants, namely Chugach Government Solutions, LLC and Chugach Industries, Inc. (These Defendants will hereinafter be referred to collectively as the "Chugach Defendants.") On October 3, 2019, Plaintiff filed an Amended Complaint, which asserts a common law claim for negligence against the Chickasaw Defendants as well as the Chugach Defendants. According to the Amended Complaint, the Chickasaw Defendants and the Chugach Defendants were individually and/or jointly responsible for the location at Picatinny Arsenal where Elalem fell.

On September 29, 2020, the Chugach Defendants filed a Suggestion of Death on the record of this action, which states that Elalem died on or about February 2, 2020, at the age of 34. According to the Suggestion of Death, Elalem died intestate, and the Chugach Defendants lacked information at that time as to the personal representative of Plaintiff's estate, for purposes of serving the Suggestion of Death as required by Federal Rule of Civil Procedure 25(a). The submissions presented with the instant motions indicate that on October 23, 2020, Plaintiff's sister, Sarah Elalem, was appointed as the administrator of the Estate of Mohamed Elalem by the

---

[1] The entity CNI Advantage was incorrectly identified as a corporation in the Complaint. It is, in fact, a limited liability company.

Middlesex County Surrogate's Court.[2] On October 26, 2020, a copy of the Suggestion of Death, with attached exhibits, was personally delivered to the home of Sarah Elalem, by leaving the documents with Mamdouh Elalem, identified in the Affidavit of Service as her father.

Sarah Elalem, as the Administrator and/or Administrator Ad Prosequendum of the Estate of Mohamed M. Elalem (hereinafter, the "Administrator of the Estate"), now brings the instant motion for leave to file a Second Amended Complaint, which makes two changes to the action: (1) substitutes the Administrator of the Estate as the named plaintiff in place of deceased Plaintiff Elalem and (2) adds a New Jersey statutory claim for wrongful death. Defendants have cross-moved to dismiss, on the grounds that the substitution is untimely and also on the grounds that there is no federal subject matter jurisdiction.

## II. DISCUSSION

### A. Dismissal for Lack of Subject Matter Jurisdiction

Because the Court's subject matter jurisdiction concerns its very authority over this action, the Court must first address this argument before turning to the other issues raised in the parties' motions. In their submissions, both the Chickasaw Defendants and the Chugach Defendants point out that the Amended Complaint and the proposed Second Amended Complaint assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendants argue that the

---

[2] The motion by Plaintiff explains that the delay in appointing an administrator for the intestate Elalem's estate was caused by a lack of access to the Surrogate Court as a result of the statewide covid pandemic shutdown.

action must be dismissed because Plaintiff fails to establish that this action, which asserts only state law claims, arises under the laws of the United States, as required for federal question jurisdiction to attach.

Defendants' argument fails to recognize that this action was not filed in federal court by Plaintiff but was removed to this Court by the Chickasaw Defendants on the grounds that the Court has federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Clearly, this action does not arise under federal law. Regardless of the Amended Complaint's statement that there is federal question jurisdiction under 28 U.S.C. § 1331, the Court's subject matter jurisdiction is in fact rooted in 28 U.S.C. § 1332, based on the parties' diversity of citizenship and the amount in controversy. Both requirements for federal diversity jurisdiction were satisfied at the time the Chickasaw Defendants filed the Notice of Removal.

Subsequently, however, the Chugach Defendants were added to the case. One of these parties is identified as a corporation, making it a citizen of the state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). The other is identified as a limited liability company, and thus its citizenship is determined by the citizenship of its members. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419-20 (3d Cir. 2010). While the order permitting Plaintiff to add the Chugach Defendants implies that complete diversity would not be destroyed by their joinder, the Court has searched the record and found no information concerning their citizenship.

The Court acknowledges that the lack of citizenship information for purposes of diversity jurisdiction was not raised in Defendants' cross-motions to dismiss, nor has it been raised by Plaintiff. The Court, however, has an independent and ongoing obligation to ensure that it has

4

subject matter jurisdiction over an action and to raise the issue sua sponte, even when the parties overlook it or decide not to press the question. Henderson v. Shinseki, 562 U.S. 428, 434-35 (2011); Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). It is well-established if there is any doubt that a district court lacks subject matter jurisdiction over an action removed from state court, the case must be remanded.  28 U.S.C. § 1447(c); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). It is also well-established that in a case removed to federal court, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

Therefore, the Court will direct that the Chickasaw Defendants provide the Court with information concerning the citizenship of all parties and to show cause why the action should not be remanded for lack of subject matter jurisdiction. Should the Court have any doubts as to whether there is complete diversity between Plaintiff and Defendants, the action will be remanded to the Superior Court of New Jersey, the court in which the lawsuit was initiated.

  **B.**  **Substitution of the Administrator of the Estate as Plaintiff**

The Administrator of the Estate moves for leave to amend the complaint so that the Estate may continue to litigate this action filed by the now-deceased Plaintiff Elalem. Defendants oppose the substitution as time-barred by Federal Rule of Civil Procedure 25, arguing that the motion was not made within 90 days of the filing of the Suggestion of Death. Indeed, they maintain Rule 25 requires that the entire action be dismissed for failure by the Administrator of the Estate to make the motion to substitute within the time permitted.

Rule 25, which governs substitution of parties, provides in relevant part as follows:

> (1) Substitution if the Claim is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> * * *
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(1) and (a)(3).

The instant motion to substitute is clearly not time-barred. The clock for filing a motion to substitute does not start running until "*service* of a statement noting the death," not, as Defendants have argued, the filing of the notice that Plaintiff had died. Fed. R. Civ. P. 25(a)(1) (emphasis added). Rule 25 itself and the Third Circuit's decisional law on the issue make clear that service of the suggestion of death on a nonparty must be made according to Rule 4. Fed. R. Civ. P. 25(a)(3); see also Giles v. Campbell, 698 F.3d 153, 157 (3d Cir. 2012) ("Rule 25(a)(3) requires that both the motion to substitute and the suggestion of death be served pursuant to Rule 5 for parties and pursuant to Rule 4 for nonparties."). The administrator of a deceased party's estate is "a nonparty to [the] action who must be served with the suggestion of death in the manner set forth in Rule 4." Webb v. City of Newark, Civ. A. No. 12-3592 (DRD), 2015 WL 857850, at *3 (D.N.J. Feb. 27, 2015) (citing Giles, 698 F.3d at 157); see also Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990) (holding that, under Rule 25, the service required "on nonparties, specifically the successors or representatives of the deceased party's estate, must be service pursuant to Fed. R. Civ. P. 4."). While the Suggestion of Death in this case was filed on

6

the docket on September 29, 2020, it could not in fact have been served on the Administrator of the Estate until she was appointed by the Surrogate Court, which occurred on or about October 23, 2020. Service appears to have been made on October 26, 2020. According to the Affidavit of Service filed by the Chugach Defendants, a process server left a copy of the Suggestion of Death at the home of the Administrator of the Estate with another adult member of the household, which would comply with Rule 4(e)(2)(B). The motion to substitute under Rule 25(a) was filed on January 22, 2021, which falls within the 90 days following service of the Suggestion of Death.

The Court notes that Defendants alternatively argue that the 90-day period for filing the motion to substitute began to run on or about October 8, 2020, which is apparently the date that the attorney who had represented Plaintiff Elalem in this action entered an appearance in the Surrogate Court on behalf of Sarah Elalem, who was subsequently named the Estate's Administrator. This argument is unavailing. Defendants provide no legal authority for their "relation back" theory of service, which would impute service on the Administrator of the Estate merely because she selected the same attorney as the decedent. Indeed, this theory contravenes the Third Circuit's clear holding that an attorney-client relationship ceases at the time of the party's death. Bass v. Atardi, 868 F.2d 45, 50 n.12 (3d Cir. 1989). Service on a deceased party's attorney does not satisfy Rule 25(a)'s requirement that service of the suggestion of death be made on a decedent's successors or representatives. Id.; see also Giles, 698 F.3d at 158 (rejecting argument that service of a suggestion of death on a decedent's counsel excuses the requirement that the representative of a decedent's estate be served in accordance with Rule 25(a)(3)); Webb,

2015 WL 857850, at *4 (holding that defendants' argument that the administrator of a deceased party's estate had been served with the suggestion of death because the decedent and his estate administrator were represented by the same attorney was foreclosed by the Third Circuit's decisions in Bass and Giles).

Having found that the motion to substitute is timely, the Court must be satisfied that Rule 25(a)'s other requirements have been satisfied before it may order a substitution. Specifically, the rule permits substitution only where the claim has not been extinguished by the party's death. The Court finds that Elalem's cause of action for negligence may be pursued by his Estate, pursuant to New Jersey's Survivor's Act, N.J.S.A. 2A:15-3. The New Jersey Supreme Court has held that "the Survivor's Act preserves to the decedent's estate any personal cause of action that decedent would have had if he or she had survived," including a negligence action for personal injuries. Smith v. Whitaker, 160 N.J. 221, 233-34 (1999).

For the foregoing reasons, the Court finds that substitution of the Administrator of the Estate as the plaintiff to this action is warranted. The Court will grant the motion to amend the Complaint in that regard and will also direct that the caption of the action be modified. Defendants' cross-motion to dismiss based on an untimely substitution will be denied.

### C. Wrongful Death Claim

Plaintiff also seeks to add a wrongful death claim, but as Defendants correctly point out, the proposed Second Amended Complaint sets forth no factual allegations whatsoever in support of the claim. Though Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend pleadings should be given freely, a motion to amend must be denied if the amendment would be

futile, that is, if it would fail to state a claim upon which relief could be granted. The Third Circuit instructs that the district court apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)" when assessing the futility of a proposed claim on a Rule 15 motion. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). It is well-established that to state a sufficient claim upon which relief may be granted, a complaint must set forth "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 556) (emphasis added).

Plaintiff's briefs in support of the motion to amend expand somewhat on the factual basis for contending that Defendants are liable for Elalem's death. The Court expresses no view on whether those facts would suffice to state a claim under New Jersey's Wrongful Death Act. Regarding the motion before the Court, it remains that the proposed Second Amended Complaint is completely devoid of any factual allegations related to this cause of action, contrary to the Supreme Court's holding on pleading requirements. Thus, amendment of the complaint to include a wrongful death claim will be denied, without prejudice, on grounds of futility. Plaintiff may attempt to cure the factual deficiency, but a renewed motion for leave to amend, in accordance with Rule 15 and Local Civil Rule 15.1, will be required to present a further amended pleading to the Court.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint will be granted insofar as it seeks to substitute the Administrator of the Estate as the plaintiff and denied in all other respects. Defendants' cross-motion to dismiss will be denied. Additionally, the Court will direct that the Chickasaw Defendants show cause in writing why this action should not be remanded to state court for lack of diversity jurisdiction under 28 U.S.C. § 1332. An appropriate Order will be filed.

>      /s/ Stanley R. Chesler
> STANLEY R. CHESLER
> United States District Judge

Dated: March 15, 2021